Gen. 327]                                                      327

TAXATION – PROPERTY TAX – COUNTIES – MUNICIPALITIES
    – PROCESS FOR SETTING PROPERTY TAX RATE
    DIFFERENTIALS


May 15, 1995


*The Honorable Leo E. Green*
*House of Delegates*

You have requested our opinion concerning the property tax differential for municipalities in Prince George's County. Specifically, you ask whether Prince George's County may "freeze" existing tax differentials.

For the reasons stated below, we conclude that the County may not set tax rates for property within municipalities based solely on the fact that particular rates have been in effect. Rather, in order to comply with §6-305 of the Tax-Property ("TP") Article, Maryland Code, the County must set its tax rates based on a good-faith discussion with municipal officials about tax differentials that would reflect the current level of municipal services.[1]


**I**

**The Tax Differential Statute**

The General Assembly has required Prince George's County and seven other counties to set a tax rate for property in municipalities that reflects the value of municipal services. Specifically, TP §6-305(b) requires the County Council to "meet annually and discuss with the governing body of any municipal corporation in the county the property tax rate to be set for assessments of property in the municipal corporation." This subsection then mandates a tax differential under certain circumstances: "After the meeting if it can be demonstrated that a municipal corporation performs services or programs instead of similar county services or programs, the governing body of the

---

[1] This opinion confirms advice given to you by Assistant Attorney General Richard E. Israel in a letter dated February 21, 1995.

county shall impose the county property tax on assessments of property in the municipal corporation at a rate which is less than the general county property tax rate." In determining the rate, the County Council is to consider both "the services and programs that are performed by the municipal corporation instead of similar county services and programs" and "the extent that the similar services and programs are funded by property tax revenues." TP §6-305(c). The rate need not be either the same for all municipalities in the County or the same as the rate set in a prior year. TP §6-305(d).

These statutory requirements do not authorize a tax differential freeze. A decision by the County Council simply to freeze differential tax rates at the prior year's level would be flatly inconsistent with the requirement that the impact of municipal services be considered annually, before the Council sets the tax rates.

This straightforward application of the statutory text is supported by the legislative history. When the tax differential law was enacted in 1975, it authorized certain counties to set differential rates in municipalities. The law at the time specified no particular consultative process with municipalities; it merely spoke generally of "consultation with municipal officials." *See* former Article 81, §32A, enacted by Chapters 715 and 887 of the Laws of Maryland 1975.

In Chapter 694 of the Laws of Maryland 1982, the General Assembly amended former Article 81, §32A to require an annual meeting between county and municipal officials to discuss a tax differential based on municipal programs and services.[2] The preamble to Chapter 694 included an emphasis on the intended "negotiation process": "The General Assembly hereby resolves that counties should eliminate the double taxation of municipal residents in certain counties by creating a negotiation process to establish a tax equalization system based upon the value of certain governmental services provided by the municipalities ...." The committee report on the bill described its objective as follows: "The overall intent of the legislation is to *require* governmental officials to meet, to

---

[2] The next year, the General Assembly made tax differentials mandatory, in these counties, based on a demonstration of the level of municipal services. *See* Chapter 603 of the Laws of Maryland 1983. Tax differentials remain discretionary in other counties. *See* TP §6-306.

examine various services and to affix municipal tax rates based upon municipal services and assessable values." House Ways and Means Committee Report on House Bill 1245.

This mandatory "negotiation process" would be undermined if a county council disregarded the factors specified in the statute and simply froze tax rates at their existing levels. In our view, such a tax differential freeze would be inconsistent with TP §6-305.

## II

### Conclusion

In summary, it is our opinion that the Prince George's County Council may not set tax rates for property in municipal corporations solely on the basis of the rate set in a prior year. Rather, as specified in the statute, the Council must set tax differential rates after a discussion with municipal officials and good-faith consideration of the current level of municipal services and programs.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*